

November 14, 2019

# ROZENBERG & ASSOCIATES, P.C.

Dear Judge Cogan:

    My office represents the plaintiffs, Leony David Mazueta Muonz, Cindy E. Brito Reyes and Elvin Alcantara Rodriguez, in the above-referenced personal-injury automobile-accident case that was removed by the defendants from state Supreme Court on diversity grounds.

    This afternoon, the Court referred the case for mandatory arbitration, even though the damages are in excess of $150,000. I believe this was done based on the defendants' statement on the Civil Cover Sheet that the case is eligible for arbitration. I rarely practice in federal court and this is the very first case I have had removed from State to Federal Court. Had I known that this case would be sent to arbitration based on the defendants' Civil Cover Sheet, I would have e-filed my own counter-statement. In fact, during the initial conference with Your Honor, I believe I advised that the damages were in excess of $150,000.

    Leony David Mazueta Muonz suffered serious injury in that he required a cervical neck fusion. That is a procedure that requires fusion of the cervical discs in the neck of an individual. Cindy E. Brito Reyes suffered serious injury in that she required a percutaneous cervical discetomy. A percutaneous cervical discetomy is a procedure that is performed to remove herniated or bulging disc material that is pressing on nerves or the spinal cord. Elvin Alcantara Rodriguez suffered serious injury in that he required a percutaneous lumbar discectomy. A percutaneous lumbar discetomy requires decompress the nerves by removing deviated disc material and disc fragments

    Defendant can point to no prejudice at this early stage of this matter. An initial status conference was just held on November 7, 2019 and defendant has yet to file an answer. All medical authorizations have been set to defendant, who without reviewing such, cannot reasonable believe this matter to not be in excess of $150,000.00.

    Accordingly, I am requesting that Your Honor accept the attached counter-statement of damages and withdraw the reference to mandatory arbitration. While I could not find any decisions directly on point, this case is similar to those in which the judges in this court have excused non-federal practitioners in New York who have failed to file jury demands upon removal. *See, e.g., Ballack v. Biomet, Inc.*, No. 96–CV–0145(JG), 1996 WL 1088922 (E.D.N.Y. July 23, 1996).

Respectfully,

Zachary S. Rozenberg

Info@RozenbergAssociates.com

1811 Quentin Road

Brooklyn, New York 11229

Telephone (888) 850-3633

Fax (718) 395-1747