UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LEONY DAVID MAZUETA MUNOZ, CINDY E. BRITO REYES, and ELVIN ALCANTARA RODRIGUEZ,<br><br>                    Plaintiffs,<br><br>          -against-<br><br>640, LLC and JASON FEINMAN,<br><br>                    Defendants. | Civil Action No.: 1:19-cv-5751<br><br>**ANSWER TO VERIFIED COMPLAINT** |

**C O U N S E L O R S:**

**PLEASE TAKE NOTICE**, that the above named Defendants, 640, LLC and JASON FEINMAN, hereby appear in this action and that the undersigned has been retained as attorneys for said defendants and demand that you serve all papers in this proceeding upon them at the address stated below.

**PLEASE TAKE FURTHER NOTICE**, that said defendants hereby interpose the following verified answer to the plaintiffs' complaint:

1. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "1" "2", "3", "4".

### AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF LEONY DAVID MAZUETA MUNOZ

1. Deny the allegations contained in paragraphs "5," "6," "19," "20", "21", "22", "36," "37", "43", "44".

2. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "8", "9", "10", "11", "12", "13", "14", "15", "16, "17", "18", "24", "25", "27", "31", "34", "38", "39", 40".

1

3. As and for a response to the allegations in paragraphs "41," "42," and "45" the defendants deny and refer all questions of law to the trial court.

4. Defendants admit the allegations in paragraphs "7," "12," 23," "26," "28," 29," "30," "32," "33," "35."

### AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF CINDY E. BRITO REYES

1. Defendants repeat and reiterate all previous responses as though set forth herein at length.

2. Deny the allegations contained in paragraphs "48," "49," and "55."

3. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "47," "50," "51," and "52."

4. As and for a response to the allegations in paragraphs "53," "54," and "56" the defendants deny and refer all questions of law to the trial court.

### AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF ELIVIN ALCANTARA RODRIGUEZ

1. Defendants repeat and reiterate all previous responses as though set forth herein at length.

2. Deny the allegations contained in paragraphs "59," "60," and "66."

3. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "58," "60," "61," "62," and "63."

4. As and for a response to the allegations in paragraphs "64," "65," and "67," the defendants deny and refer all questions of law to the trial court.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

Any and all damages alleged to have been suffered by Plaintiffs are not causally related to any act or omission alleged on the part of Answering Defendants.

Answering Defendants breached no duty owed or owing to Plaintiffs at all relevant times.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

This Court lacks jurisdiction over the subject matter of this action and Plaintiffs are expressly prohibited by law from maintaining this action.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

That the plaintiffs herein were guilty of culpable conduct, including contributory negligence and comparative negligence, which said conduct bars plaintiffs' Right of Recovery in proportion to which the said culpable conduct or negligence attributable to plaintiffs bear the culpable conduct or negligence which caused the damages, if any, or the occurrence complained of by plaintiffs was caused in whole or in part by the assumption of risk of the plaintiffs.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

That if the Plaintiffs suffered injury and damages in the manner and at the time and place alleged in the complaint, which these Defendants deny and it be determined that said injury and damages were caused and contributed to by reason of the Plaintiffs' failure to use or properly use seat belts or restraining devices, pursuant to the authority of Spier v. Barker, 35 N.Y.2d 444 (1974), Defendants plead said fact as a complete and/or partial defense and in mitigation of damages.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

While the Answering Defendants deny the plaintiffs' allegations of negligence and liability, any injury and damages, if proven, were the result of intervening and/or interceding acts of superseding negligence and liability on the part of parties over which these answering defendants neither have control nor have the right to control, and for which acts or omissions these Answering Defendants are not legally responsible.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

In the event the plaintiffs recover a verdict or judgment against the Answering Defendants, then the verdict or judgment must be reduced pursuant to CPLR §4545(c) by those amounts which have been, or will, with reasonable certainty, replace or indemnify plaintiffs, in whole or in part, for any past or future claimed economic loss, from any collateral source such as insurance, Social Security, Workers' Compensation or employee benefit programs.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:**

Provisions of CPLR Article 50-B apply to this action.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:**

The plaintiffs did not sustain serious injury as defined by §5102 of the Insurance Law of the State of New York, and his exclusive remedy therefore, is confined and limited to the benefits and provisions of Article 51 of the Insurance Law of the State of New York.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE:**

Plaintiffs failed to mitigate, obviate, diminish or otherwise act to lessen or reduce the injuries, damages and disabilities alleged in the complaint.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

That any and all risks, hazards and dangers were open, obvious and apparent, natural and inherent and known or should have been known by the plaintiffs herein and that the plaintiffs assumed all such risks and hazards.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims should be barred because they caused this accident by engaging in a fraudulent, intentional act.

## DEMAND FOR TRIAL BY JURY

Defendants hereby demand a jury trial for all triable issues.

WHEREFORE, Defendants demand judgment, dismissing the complaint in its entirety, together with the costs and disbursements of this action, and attorneys' fees and expenses incurred herein.

Dated: Brooklyn, New York
       November 19, 2019

*Yours, etc.*

**ROSSMAN LAW FIRM, LLC**

By: _____
       */s/ Todd A. Rossman*
       TODD A. ROSSMAN, ESQ.
       Attorneys for Defendants, 640 LLC and
       Jason Feinman
       180 Montague Street, #29E
       Brooklyn, New York 11201
       Telephone: (973)722-3315
       Email: tar@rossmanlawfirm.com

TO:   ROZENBERG & ASSOCIATES
      Attorneys for Plaintiff
      1811 Quentin Road
      Brooklyn, NY 11229
      Telephone: (888) 850-3633
      Email: zacharyrozenberg@gmail.com

## **VERIFICATION**

TODD A. ROSSMAN being duly sworn, deposes and states the following:

1. That I am Attorney for the Defendants, 640, LLC and Jason Feinman, in the above-entitled action.

2. That I have read the foregoing Answer and know the contents thereof, and that the same is true to my own knowledge except as to the matters therein stated to be alleged upon information and belief, and that as to those matters, I believe it to be true.

3. The grounds of my belief as to all matters not stated upon my knowledge are based upon the books, records and documents in my possession.

4. This verification is made by myself and not by the Defendants, 640, LLC and Jason Feinman, because my clients are not in the county in which your deponent maintains his office.

Dated:   Brooklyn, New York
         November 19, 2019

/s/ Todd A. Rossman
_____
TODD A. ROSSMAN