UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

LEONY DAVID MAZUETA MUNOZ,  :   No. 19-CV-5751 (BMC)
CINDY E. BRITO REYES, and    :
ELVIN ALCANTARA RODRIGUEZ,   :
                             :
   Plaintiffs,              :
                             :
   v.                       :
                             :
640 LLC and JASON FEINMAN,   :
                             :
   Defendants.              :

**Reply Memorandum of Plaintiffs Leony David Mazueta Munoz,
Cindy E. Brito Reyes, and Elvin Alcantara Rodriguez in
Support of their Motion for Partial Summary Judgment as to Liability**

Respectfully Submitted,

**Attorneys for Plaintiff**

Zachary Rozenberg
Rozenberg & Associates, P.C.
1811 Quentin Road,
Brooklyn, NY 11229
Tel: 888-850-3633
Email: zachary@rozenbergassociates.com

Table of Contents

*Table of Authorities* ................................................................................................ ii
*Preliminary Statement* ........................................................................................... 1
    I.   Defendants' Unfounded Conspiracy Theory is at Odds with their own Admissions and the Record ................................................................................ 1
    II.  Defendants Have Not Offered a Non-Negligent Justification for Rear-ending Plaintiffs' Vehicle ............................................................................................. 3
    III. Defendants Make a Meritless Evidentiary Argument as an Excuse to Smear Plaintiffs .......................................................................................................... 8
*Conclusion* ............................................................................................................. 9

## Table of Authorities

Page(s)

### Cases

*Animah v. Agyei*,
  63 Misc. 3d 783 (N.Y. Sup. Ct. 2019) ................................................................................... 5

*Ayach v. Ghazal*,
  25 A.D.3d 742 (2d Dep't 2006) ............................................................................................. 4

*Baez-Pena v. MM Truck & Body Repair, Inc.*,
  151 A.D.3d 473 (1st Dep't 2017) .......................................................................................... 5

*Berrios v. Nicholas Zito Racing Stable, Inc.*,
  849 F. Supp. 2d 372 (E.D.N.Y. 2012) ................................................................................... 8

*Byrne v. Calogero*,
  96 A.D.3d 704 (2d Dep't 2012) ............................................................................................. 4

*Chepel v. Meyers*,
  306 A.D.2d 235 (2d Dep't 2003) ........................................................................................... 6

*Cohan v. Movtady*,
  751 F. Supp. 2d 436 (E.D.N.Y. 2010) ................................................................................... 1

*Escobar v. Rodriguez*,
  243 A.D.2d 676 (1997) .......................................................................................................... 4

*Franco v. Breceus*,
  70 A.D.3d 767 (2d Dep't 2010) ............................................................................................. 4

*Gutierrez v. Trillium USA, LLC*,
  111 A.D.3d 669 (2d Dep't 2013) ........................................................................................... 3

*Hurt v. City of New York*,
  No. 15-CV-7612 (PKC), 2018 WL 6616474 (S.D.N.Y. Dec. 18, 2018) ..................... 1

*Inzano v Brucculeri*,
  257 A.D.2d 605 (2d Dep't 1999) ........................................................................................... 7

*Jumandeo v. Franks*,
  56 A.D.3d 614 (2d Dep't 2008) ............................................................................................. 4

*Kastritsios v. Marcello*,
    84 A.D.3d 1174 (2d Dep't 2011) ................................................................................... 3

*Krynski v. Chase*,
    707 F. Supp. 2d 318 (E.D.N.Y. 2009) ........................................................................... 7

*Mundo v. City of Yonkers*,
    249 A.D.2d 522 (2d Dep't 1998) ................................................................................... 6

*Rahman v. Smith*,
    10 Misc. 3d 1064(A), 814 N.Y.S.2d 564 (N.Y. Sup. Ct. 2003) ................................... 2

*Ramirez v. Konstanzer*,
    61 A.D.3d 837 (2d Dep't 2009) ..................................................................................... 4

*Rebecchi v. Whitmore*,
    172 A.D.2d 600 (2d Dep't 1991) ................................................................................... 7

*Rodriguez v. City of New York*,
    101 N.E.3d 366 (N.Y. 2018) ..................................................................................... 6, 7

*Tenas-Reynard v. Palermo Taxi Inc.*,
    No. 14 CIV. 6974 (PGG), 2016 WL 1276451 (S.D.N.Y. Mar. 30,
    2016).............................................................................................................................. 5

*Tutrani v. Cty. of Suffolk*,
    891 N.E.2d 726 (N.Y. 2008) ..................................................................................... 4, 5

## Statutes

N.Y. Vehicle and Traffic Law § 1129(a) ....................................................................... 4

N.Y. Vehicle and Traffic Law § 1202(a)(1)(j) ............................................................... 6

## Other Authorities

Rule 56.1 ............................................................................................................................ 2

Preliminary Statement

Defendants 640, LLC and Jason Feinman have failed to identify a non-negligent explanation for rear-ending the vehicle containing Plaintiffs Leony David Mazueta Munoz, Cindy E. Brito Reyes, and Elvin Alcantra Rodriguez. Despite Defendants' best efforts to escape liability by blaming Plaintiffs for their own injuries, they have failed to provide a non-negligent justification for colliding with the rear of Plaintiffs' vehicle.

I. Defendants' Unfounded Conspiracy Theory is at Odds with their own Admissions and the Record

Defendants baselessly accuse Plaintiffs of manufacturing the incident which resulted in their serious injuries. Specifically, Defendants claim that Munoz deliberately came to an abrupt stop even though no cars were in front or beside Plaintiffs' vehicle, presumably in order to set up this lawsuit.[1] Defendants not only fail to support their allegation that Plaintiffs intentionally came to an abrupt stop for no reason but this serious accusation is also directly contradicted by the record, including Feinman's own testimony.

First, Defendants have admitted that a sedan passed into Plaintiffs' lane just before the collision.[2] Defendants are bound by this admission.[3] Defendants'

---

[1] *See* Defendants' Memorandum of Law in Opposition to Plaintiff's Motion for Summary Judgment ("Defs. Mem."), Dkt. 14-1, dated July 2, 2020, at 2, 8.
[2] Defendants' Responses to Plaintiffs' Statement of Material Facts ("Defs. 56.1 Responses"), Dkt. 14, dated July 2, 2020, ¶ 3.
[3] *See Hurt v. City of New York*, No. 15-CV-7612 (PKC), 2018 WL 6616474, at *2 (S.D.N.Y. Dec. 18, 2018) ("A clear, unambiguous and unequivocal statement of fact set forth in a party's Rule 56.1 Statement may qualify as a binding admission."); *Cohan v. Movtady*, 751 F. Supp. 2d 436, 443 (E.D.N.Y. 2010) ("[P]arties are bound

1

subsequent contention that there were no cars in front of or beside Plaintiffs' vehicle therefore should not be credited.

Second, although Feinman testified that he did not see any car in front in Munoz at the time of the collision, he also testified that he was checking both side view mirrors in order to change lanes so that he could pass Plaintiffs' vehicle.[4] Feinman further testified that he was looking to change lanes because Munoz's vehicle was "going kind of slow."[5] Feinman therefore admittedly was not looking at the road ahead when Plaintiffs' vehicle allegedly came to a sudden stop because he was eager to overtake such a slow-moving vehicle. Defendants attempt to use Feinman not noticing any other vehicles ahead of or beside Plaintiffs' vehicle as a result of his own conceded inattention to the road ahead as proof that there were no cars ahead or to the side. The record does not support this.

Finally, Defendants do not present or allege any facts other than the alleged abrupt stop itself that would support a belief that Plaintiffs deliberately induced a collision that caused them serious injury. In particular, Defendants point to no emergency justifying Feinman's negligence.

---

by their concessions in Rule 56.1 Statements."); *see also Rahman v. Smith*, 10 Misc. 3d 1064(A), 814 N.Y.S.2d 564 (N.Y. Sup. Ct. 2003) ("Statements of fact in affirmations submitted on motions for summary judgment have been held to constitute binding judicial admissions.").

[4] Feinman Dep. at 31, 45.

[5] *Id.* at 31; *see also id.* at 33-34 ("I think before [the collision] I was looking to change lanes because as we were driving, we were driving pretty slow for the left lane.").

2

## II. Defendants Have Not Offered a Non-Negligent Justification for Rear-ending Plaintiffs' Vehicle

Defendants have failed to provide a non-negligent justification for rear-ending Plaintiffs' vehicle. Defendants' allegation that Plaintiff came to a "dead stop" is insufficient as a matter of law to defeat liability. At bottom, an allegation of a sudden stop, without more, cannot rebut the presumption of negligence.[6]

Rather than address any of the dozens of cases that Plaintiff relies on in support of the well-settled principle that an allegation of a sudden stop is insufficient on its own provide a non-negligent explanation for a rear-end collision, Defendants attempt to manufacture a distinction between sudden stops on "busy highways" and sudden stops on "local public roadways."[7] This distinction is not supported by the case law and, in fact, is contrary to settled New York law.

In *Gutierrez v. Trillium USA, LLC*,[8] the Court ruled that a "conclusory assertion by the operator of the following vehicle that the sudden stop of the vehicle caused the accident is insufficient, in and of itself, to provide a nonnegligent explanation" even though the incident in question occurred on the Van Wyck

---

[6] *See Gutierrez v. Trillium USA, LLC*, 111 A.D.3d 669, 670–71 (2d Dep't 2013) ("A conclusory assertion by the operator of the following vehicle that the sudden stop of the vehicle caused the accident is insufficient, in and of itself, to provide a nonnegligent explanation."); *Kastritsios v. Marcello*, 84 A.D.3d 1174, 1175 (2d Dep't 2011) ("The claim that the lead vehicle made a sudden stop, standing alone, is insufficient to rebut the presumption of negligence on the part of the following vehicle.").

[7] Defs. Mem. at 3.

[8] *Gutierrez*, 111 A.D. at 670–71.

3

Expressway. Similarly, in *Byrne v. Calogero*,[9] the Court reiterated that a "claim of a sudden stop by the leading vehicle, standing alone, is insufficient to rebut the presumption of negligence" even though the accident occurred on New York State Route 211. New York courts have reiterated that the same principle holds in the context of a collision on the Grand Central Parkway – the very same roadway on which Feinman rear-ended Plaintiffs' vehicle.[10] These cases are not outliers but represent the standard approach to rear-end collisions under New York law.[11]

The New York Court of Appeals' decision in *Tutrani v. County of Suffolk*,[12] does not help Defendants' position. In that case, the plaintiff's vehicle stopped short of the car in front after that car abruptly stopped only to get rear-ended by another car coming from behind. The Court of Appeals held that the lead car could be held liable for negligence because of the abrupt stop. Notably, the plaintiff in that case, unlike Defendants here, was abiding by N.Y. Vehicle and Traffic Law § 1129(a)

---

[9] *Byrne v. Calogero*, 96 A.D.3d 704, 706 (2d Dep't 2012).
[10] *See Franco v. Breceus*, 70 A.D.3d 767, 768 (2d Dep't 2010) ("A claim that the driver of the lead vehicle made a sudden stop, standing alone, is insufficient to rebut the presumption of negligence." (quoting Campbell v. City of Yonkers, 37 A.D.3d 750, 751 (2d Dep't 2007)).
[11] *See Ramirez v. Konstanzer*, 61 A.D.3d 837, 837 (2d Dep't 2009) (affirming summary judgment even though defendant alleged the lead car "suddenly stopped" on Route 110 in Suffolk County); *Jumandeo v. Franks*, 56 A.D.3d 614, 615 (2d Dep't 2008) (affirming summary judgment even though defendant alleged the lead car "suddenly stopped" on I-95); *Ayach v. Ghazal*, 25 A.D.3d 742 (2d Dep't 2006) (affirming summary judgment even though defendant alleged the lead car came to an "abrupt stop" on "exit ramp leading from I-287 to the Sprain Brook Parkway"); *Escobar v. Rodriguez*, 243 A.D.2d 676 (1997) (affirming summary judgment even though defendant alleged the lead car came to a "sudden stop" on the Belt Parkway).
[12] *Tutrani v. Cty. of Suffolk*, 891 N.E.2d 726, 727 (N.Y. 2008).

4

because even though the car in front of her suddenly stopped, she managed to stop before striking the lead car. The Court did not question the liability of the rear car that collided with plaintiff nor did the Court in any way suggest that the plaintiff would have avoided liability if she had rear-ended the lead car.[13]

Similarly, *Baez-Pena v. MM Truck & Body Repair, Inc.*,[14] cannot bear the weight that Defendants place upon it. In that case, the Plaintiff was the rear vehicle in a collision but sued the front vehicle for negligence because that vehicle got stuck under an overpass. As with *Tutrani*, the Court was focused only on the liability of the stopped front vehicle, not the rear vehicle. Neither *Tutrani* nor *Baez-Pena* require this Court to ignore the weight of authority that an allegation of a sudden stop is insufficient to rebut the presumption of negligence.[15]

---

[13] *See Tenas-Reynard v. Palermo Taxi Inc.*, No. 14 CIV. 6974 (PGG), 2016 WL 1276451, at *9 (S.D.N.Y. Mar. 30, 2016) ("Nothing in the two-page *Tutrani* decision suggests, however, that it was intended to overturn well-settled law that (1) a rear-end collision with a stopped vehicle establishes a prima facie case of negligence on the part of the driver of the rear vehicle; and (2) that an assertion that the front driver stopped short is not sufficient to raise a triable issue of fact." (internal quotation marks and citation omitted)).

[14] *Baez-Pena v. MM Truck & Body Repair, Inc.*, 151 A.D.3d 473, 477 (1st Dep't 2017).

[15] The Court in *Animah v. Agyei*, 63 Misc. 3d 783, 789 (N.Y. Sup. Ct. 2019), which is the only case Defendants cite that endorses this public roads/highway distinction, admitted that it was creating this distinction as an attempt to "synthesize" *Tutrani* and *Baez-Pena* with the line of cases cited in footnotes 8-11, *supra*. No other court has adopted this "synthesis" and a more reasonable way of reconciling these lines of cases is that *Tutrani* and *Baez-Pena* were focused on negligence actions brought *against* a vehicle that made a sudden stop. The Courts were therefore focused on the lead vehicles negligence rather deciding on the rear vehicle's negligence. *See Tenas-Reynard*, 2016 WL 1276451, at *9 ("[T]he vast majority of New York's lower courts have not read *Tutrani* as announcing that in a two-car accident such as that here, where a stopped vehicle is rear-ended, the prima facie case of negligence can be rebutted simply by the rear driver alleging that the front driver stopped short.").

5

Defendants' reliance on *Chepel v. Meyers* and *Mundo v. City of Yonkers* is also misplaced. In each case, the court denied summary judgment because the sudden stop was just one of many factual disputes that provided a potentially non-negligent explanation for the collision.[16] Here, to the contrary, Defendants point to nothing other than the alleged abrupt stop itself as a justification for the collision. To the extent that *Chepel* and *Mundo* stand for the proposition that a lead vehicle's abrupt stop can defeat summary judgment, those decisions are outliers and do not reflect the weight of authority on this matter.[17] Defendants do not even attempt to reconcile their interpretation of *Chepel* and *Mundo* with these cases.

Finally, Defendants try to resurrect the regime of comparative negligence that the New York Court of Appeals definitively put to rest in *Rodriguez v. City of New York*.[18] Specifically, Defendants argue that Plaintiffs' violated N.Y. Vehicle and Traffic Law § 1202(a)(1)(j) by allegedly stopping abruptly and were therefore negligent. Plaintiffs' own negligence supposedly provides a non-negligent justification for Feinman rear-ending Plaintiffs' vehicle.[19] The New York Court of

---

[16] *See Chepel v. Meyers*, 306 A.D.2d 235, 237 (2d Dep't 2003) (affirming denial of summary judgment where lead vehicle suddenly stopped and rear vehicle "attempted to avoid the collision by applying her brakes and veering her vehicle to the left"); *Mundo v. City of Yonkers*, 249 A.D.2d 522, 523 (2d Dep't 1998) (lead vehicle's "sudden, unexplained stopped" just one part of the "conflicting evidence as to the circumstances surrounding the accident" that justified denial of summary judgment).

[17] *See* footnotes 8-11, *supra*; *see also* Plaintiff's Memorandum in Support of their Partial Motion for Summary Judgment as to Liability, Dkt. 13-1, dated June 19, 2020, at 6-8 & fn. 28-34 (collecting and describing cases).

[18] *Rodriguez v. City of New York*, 101 N.E.3d 366 (N.Y. 2018).

[19] Defs. Mem. at 7-8.

6

Appeals has expressly rejected a comparative-negligence framework for determining liability in negligence actions arising out of motor vehicle accidents.[20] In other words, Plaintiffs' alleged negligence does not act as a bar to Defendants' liability even if it may justify a reduction in damages.[21]

Defendants' opposition is notable for what it does not contain. Defendants offer no justification for failing to provide a safe distance between Feinman's vehicle and Plaintiffs' vehicle.[22] Defendants also fail to excuse Feinman taking his eyes off the road ahead to look in his side view mirrors.[23] Moreover, Defendants do not and cannot reconcile their position that Munoz's alleged negligence excuses their own role in the accident with the mountains of case law granting summary judgment against the rear vehicle even where the lead vehicle supposedly came to an abrupt stop.[24]

---

[20] *See Rodriguez*, 101 N.E.3d at 367 (holding Plaintiff does not need to prove absence of comparative negligence to establish liability).

[21] Courts have granted summary judgment even when the rear vehicle alleges that the lead vehicle engaged in more egregious conduct than Feinman alleges here. In *Inzano v Brucculeri*, 257 A.D.2d 605 (2d Dep't 1999), the driver of the rear vehicle alleged that the lead vehicle suddenly stopped in the middle of Route 6 so that the driver could speak with his friend who was driving in the opposite direction. The Court still granted summary judgment to the driver of the lead car. The facts of that case are set forth in the defendants' appellate brief. Brief of Defendants-Appellants, 1998 WL 35177646 (filed Aug. 14, 1998).

[22] *See Krynski v. Chase*, 707 F. Supp. 2d 318, 328 (E.D.N.Y. 2009) ("Regardless of whether the forward vehicle is stopped, slowing or proceeding apace, drivers following behind have a statutory duty to maintain a safe distance between their vehicles and vehicles in front of them, a duty that adheres regardless of the speed of traffic.").

[23] *See Rebecchi v. Whitmore*, 172 A.D.2d 600, 601 (2d Dep't 1991) (affirming summary judgment where driver of rear vehicle "failed to keep the plaintiff's vehicle in constant view and when he looked up the plaintiff's vehicle had 'stopped dead.'").

[24] *See* footnotes 8-11, *supra*.

7

### III. Defendants Make a Meritless Evidentiary Argument as an Excuse to Smear Plaintiffs

Defendants accuse Munoz of engaging in insurance fraud for no reason other than to smear him. Defendants concede that this accusation only goes to Munoz's credibility, which is not relevant on a motion for summary judgment.[25] Nevertheless, Defendants have taken it upon themselves to preview arguments they plan to make outside the summary judgment context in their opposition papers. This is a blatant attempt to throw mud against the wall and hope that some of it sticks. It has no relevance to any of the arguments at issue in the motion for summary judgment and should be ignored.

Defendants' accusations against Reyes are similarly unfounded. Reyes testified at her deposition that "all of a sudden I felt that [Munoz] started to slow down, because a car got in front of him, and that's when we felt the impact of the car that hit us from behind."[26] Reyes can testify to that effect because she felt the car slow down and the impact.[27] Reyes also testified that Munoz always drives in the left lane.[28] Defendants' attempt to cast doubt on Reyes' testimony is another irrelevant attack that has no bearing on the legal issues here.

---

[25] *See Berrios v. Nicholas Zito Racing Stable, Inc.*, 849 F. Supp. 2d 372, 384 n.13 (E.D.N.Y. 2012) ("[A] witness' credibility is not a factor for the Court to consider on summary judgment.").
[26] Reyes Dep. at 46-47.
[27] *Id.* at 46-47, 49.
[28] *Id.* at 50.

These desperate attempts to drag Plaintiffs' credibility into the analysis only serves to highlight the absence of a non-negligent justification for Feinman's actions even when you accept his account as true.

## Conclusion

Since Defendants have failed to present a non-negligent justification for rear-ending Plaintiffs' vehicle, there are no material issues of fact to present to a jury and this Court should grant summary judgment to Plaintiffs against Feinman and his employer, 640 LLC.

Dated: July 10, 2020

/s/ *Zachary Rozenberg*
Zachary Rozenberg

### Attorneys for Plaintiffs

Zachary Rozenberg
Rozenberg & Associates, P.C.
1811 Quentin Road,
Brooklyn, NY 11229
Tel: 888-850-3633
Email: zachary@rozenbergassociates.com