```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
LEONY DAVID MUNOZ, et ano.,                                 :   MEMORANDUM DECISION
                                                            :   AND ORDER
                              Plaintiffs,                   :
                                                            :   19-cv-05751 (BMC)
              - against -                                   :
                                                            :
640, LLC AND JASON FEINMAN,                                 :
                                                            :
                              Defendants.                   :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

This case is before me on plaintiffs' motion for summary judgment as to defendants' liability for an automobile accident. For the reasons described below, the motion is denied.

On October 12, 2018, at approximately 8:50 PM, plaintiff Leony David Munoz was driving in the left lane on the Grand Central Parkway. He had two passengers in the car with him, plaintiffs Cindy Brito Reyes and Elvin Alcantara Rodriguez. Road conditions were dry, and the weather was clear. The road surface had marked lanes and was lighted. The parties dispute whether traffic was "very light" or "medium to heavy" on the Parkway but agree that vehicles were generally maintaining a consistent speed. Munoz was traveling at 35–40 miles per hour on the parkway when, as plaintiffs claim, a sedan passed into his lane and he gently reduced his speed in response. By contrast, defendant Jason Feinman maintains that plaintiffs' vehicle stopped suddenly and for no apparent reason. Feinman claims that he was about four car lengths behind Munoz's car and slammed on his brakes after he saw Munoz suddenly stop but was unable to avoid hitting him. Feinman was driving a car owned by his employer, defendant 640, LLC, and was driving a customer at the time of the accident. No one in either vehicle heard any screeching of tires or honking of horns before the impact.

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "In ruling on a summary judgment motion, the district court must resolve all ambiguities, and credit all factual inferences that could rationally be drawn, in favor of the party opposing summary judgment and determine whether there is a genuine dispute as to a material fact, raising an issue for trial." McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 202 (2d Cir. 2007) (internal quotation marks omitted). Summary judgment is "highly unusual in a negligence action, where the assessment of reasonableness generally is a factual question to be addressed by the jury," King v. Crossland Sav. Bank, 111 F.3d 251, 259 (2d Cir. 1997), but "the mere fact that a case involves a claim of negligence does not preclude a granting of summary judgment," Maizous v. Garraffa, 2002 WL 1471556, at *3 (E.D.N.Y. Apr. 30, 2002) (quoting Cummiskey v. Chandris, S.A., 719 F. Supp. 1183, 1186 (S.D.N.Y. 1989)).

"Under New York law, a rear-end collision establishes a prima facie case of liability against the rear vehicle and imposes a duty of explanation on the operator of that vehicle." Krynski v. Chase, 707 F. Supp. 2d 318, 322 (E.D.N.Y. 2009) (quoting Hong v. Maher, No. 02-CV-7825, 2004 WL 771127, at *2 (S.D.N.Y. Apr. 13, 2004) (collecting cases)). "That presumption arises from both common law principles and New York's Vehicle and Traffic Law, both of which establish that any driver approaching another automobile from the rear 'is bound to maintain a reasonably safe rate of speed and control over his or her vehicle, and to exercise reasonable care to avoid colliding with the other vehicle.'" Id. at 232 (quoting Hong, 2004 WL 771127, at *2); see also N.Y. Veh. & Traf. Law § 1129(a) ("The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway."). "If the operator

2

cannot come forward with any evidence to rebut the inference of negligence, the plaintiff may properly be awarded judgment as a matter of law." Id. (quoting Barile v. Lazzarini, 222 A.D.2d 635, 636, 635 N.Y.S.2d 694 (2d Dep't 1995)).

Plaintiffs have made a prima facie showing that Feinman was negligent because his vehicle collided with the rear end of plaintiffs' vehicle when it was stopped or stopping. Thus, Feinman must "come forward with evidence of a nonnegligent explanation for the collision in order to rebut the inference of negligence." Nikolic v. City-Wide Sewer & Drain Serv. Corp., 150 A.D.3d 754, 755, 53 N.Y.S. 684, 685 (2d Dep't 2017). Feinman argues that plaintiffs' vehicle stopped suddenly in front of him. "While a nonnegligent explanation for a rear-end collision may include evidence of a sudden stop of the lead vehicle, vehicle stops which are foreseeable under the prevailing traffic conditions must be anticipated by the driver who follows, since he or she is under a duty to maintain a safe distance between his or her vehicle and the vehicle ahead." Muffaletto v. Sabol, No. 15-CV-5967, 2017 WL 4271437, at *4 (E.D.N.Y. Sept. 25, 2017) (quoting Waide v. ARI Fleet, LT, 143 A.D.3d 975, 976, 39 N.Y.S.3d 512, 514 (2d Dep't 2016)).

Summary judgment is inappropriate here because the parties dispute material facts that go to the heart of their respective negligence. The parties agree that plaintiffs' car was traveling at about 35–40 miles and that vehicles were maintaining a consistent speed on the Parkway, but their stories diverge from there. Feinman maintains that traffic was "very light"; he was maintaining a safe distance of four car lengths behind plaintiffs' vehicle given traffic conditions; he did not see any vehicle cut in front of plaintiffs' vehicle; and plaintiffs' vehicle unexpectedly came to a sudden stop. "[A] court cannot make credibility determinations between competing testimony on summary judgment," Panora v. Deenora Corp, 467 F. Supp. 3d 38, 43 (E.D.N.Y.

3

2020), and thus I cannot disregard Feinman's testimony simply because it conflicts with plaintiffs' version of events. A reasonable jury could find that Feinman maintained a safe distance behind plaintiffs' vehicle and did not expect a sudden stop of the car in front of him given the traffic conditions at the time, and that plaintiffs' vehicle stopped suddenly without justification. Thus, viewing the evidence in the light most favorable to defendants, Feinman has provided a nonnegligent explanation for his role in the collision sufficient to warrant denial of summary judgment. See, e.g., Muffaletto, 2017 WL 4271437, at *4-5 (defendant rebutted inference of negligence where plaintiff's vehicle was "traveling at approximately 30 miles per hour across [a] bridge" before coming to a "sudden stop" just behind backed-up traffic on the bridge); Kertesz v. Jason Transp. Corp., 102 A.D.3d 658, 659, 957 N.Y.S. 2d 730, 731 (2d Dep't 2013) (defendant rebutted inference of negligence where evidence showed that "plaintiff's vehicle stopped suddenly and without warning approximately 40 to 50 feet from the nearest intersection, despite the fact that there was no traffic in front of that vehicle"); Ramos v. TC Paratransit, 96 A.D.3d 924, 926, 946 N.Y.S.2d 644, 646 (2d Dep't 2012) (defendant "raised a triable issue of fact as to whether the plaintiff driver negligently operated his vehicle, thereby contributing to or causing the accident" where defendant was driving "approximately 20 miles per hour approximately three to four car lengths behind the plaintiffs' vehicle" when the plaintiff "suddenly and without warning stopped"); Maizous, 2002 WL 1471556, at *4 (describing the "substantial body of cases, including cases from the Second Department, suggesting that when a

4

lead vehicle stops short, the driver of that vehicle may be held negligent.").

Accordingly, plaintiffs' motion for summary judgment is denied.

**SO ORDERED.**

Digitally signed by Brian M. Cogan
_____
U.S.D.J.

Dated: Brooklyn, New York
       March 29, 2021

5